# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 21-00030-TM** |
| | ) | |
| **JOHN ASHLEY JONES, JR.** | ) | |

## ORDER

This matter is before the Court on the United States motion for preliminary order of forfeiture. Based on the superseding indictment (Doc. 18, PageID.43-45) and the defendant's plea agreement (Doc.27, PageID.68-79), the motion is **granted**. It is therefore:

ORDERED, ADJUDGED AND DECREED, that pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853(a)(1), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), the interest of the defendant, John Ashley Jones, Jr., in the property identified as follows is hereby condemned and forfeited to the United States for disposition according to law:

**One Ruger, Model LCP, .380 caliber pistol, Serial Number 372279401**

AND WHEREAS, by virtue of said guilty plea, plea agreement and factual resume, the United States is now entitled to, pending possible appeal herein, reduce the said property to its possession and notify any and all potential third parties who have or may have an interest in the forfeited property, pursuant to 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2(b):

NOW THEREFORE, IT IS HEREBY **ORDERED, ADJUDGED AND DECREED**:

That based on the foregoing and Fed. R. Crim. P 32.2(b), the above-described property is hereby forfeited to and vested in the United States of America for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n).

The aforementioned property is authorized to be held by the Bureau of Alcohol, Tobacco, Firearms and Explosives or other authorized federal agency in their secure custody and control and to dispose of it in accordance with law.

Pursuant to 21 U.S.C. § 853(n)(1) and the Attorney General's authority to determine the manner of publication of an order of forfeiture in a criminal case, the United States shall publish notice of this Order on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days.

In accordance with Section 853(n)(1)-(3), the notice shall accomplish at least the following:

- provide notice of the entry of this Order;
- declare the United States' intent to dispose of the property in such manner as the Attorney General may direct;
- explain that any person, other than the defendant, having or claiming a legal interest in any of the above-described forfeited property must file a petition with the Court within 60 days of the first date of publication of notice (which date shall be set forth in the notice);
- provide the Clerk's address for filing of the petition;
- explain that the petition shall be signed by the petitioner under penalty of perjury; and
- explain that the petition shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioners' acquisition of the right, title, or interest, and any additional facts supporting the petitioner's claim and the relief sought.

Pursuant to Fed. R. Crim. P. 32.2(b)(6)(A), the United States must also send notice to any person who reasonably appears to be a potential claimant withstanding to contest the forfeiture in the ancillary proceeding.

Pursuant to Section 853(n)(1), the United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of this Order, as a substitute for published notice as to those persons so notified.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A), and pursuant to Fed. R. Crim. P. 32.2(c)(1)(B), discovery may be conducted prior to a hearing on a petition in accordance with the Federal Rules of Civil Procedure, upon showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the above-described property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Section 853(n)(2) for the filing of third-party petitions. Pursuant to Fed. R. Crim. P. 32.2(c)(2), if no third-party files a timely petition this Order becomes the final order of forfeiture, and the United States shall file a motion requesting that this Order become the final order of forfeiture.

Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this preliminary order of forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and judgment.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

DONE and ORDERED this 17th day of June, 2021.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE